UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| EDWARD E. MYLLMAKI, JR. and § <br> LINDA L. MYLLMAKI § <br> § <br> **Plaintiffs,** § <br> § <br> v. § <br> § <br> HSBC BANK USA, NATIONAL § <br> ASSOCIATION AS TRUSTEE FOR THE § <br> HOLDERS OF ACE SECURITIES CORP. § <br> HOME EQUITY LOAN TRUST SERIES § <br> 2006-CW1 ASSET BACKED PASS- § <br> THROUGH CERTIFICATES § <br> § <br> **Defendant.** § | Civil Action No.: 1:22-CV-11996 |

**DEFENDANT, HSBC BANK USA, NATIONAL ASSOCIATION AS
TRUSTEE[1] MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>
(Rule 12(b)(6))**

HSBC Bank USA, Association as Trustee for the Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2006-CW1 Asset-Backed Pass-Through Certificates ("HSBC" or "Defendant"), by its undersigned counsel, hereby files this memorandum in support of its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Plaintiff's Verified Complaint, which Complaint fails to assert any cognizable legal claim.

**PROCEDURAL HISTORY**

On September 29, 2022 the Plaintiffs, Edward E. Myllmaki, Jr. and Linda L. Myllmaki (collectively "Plaintiffs" or "the Myllmakis") filed a Verified Complaint in Plymouth County Superior Court, Case No. 22CV0720. On the same day the Superior Court allowed and issued a

---

[1] For The Holders of Ace Securities Corp. Home Equity Loan Trust Series 2006-CW1 Asset Backed Pass-Through Certificates

Memorandum of *Lis Pendens*. On November 22, 2022 HSBC removed said action to this Court on diversity basis, the Defendant having not yet been served with a Summons or the Complaint. Counsel for HSBC accepted service on his client's behalf on November 25, 2022 and Plaintiff's counsel filed a return of service with the Plymouth Superior Court on November 25, 2022. On December 15, 2022 the Court granted HBSC's Assented to Motion for Extension of Time to Answer or Otherwise Respond, allowing Defendant until and including January 13, 2023 to file a response.

## FACTUAL BACKGROUND

On June 8, 1984 the Myllmakis purchased the residential real property known and numbered as 266 Plain Street, Rockland, MA 02370 ("the Property") as Tenants by The Entirety. Said Deed was recorded at the Plymouth Registry at Book 5667, Page 389. See Deed attached hereto as **Exhibit 1.**

On April 5, 2000 the Myllmakis granted a Mortgage (Line of Credit) to Countrywide Home Loans, Inc. encumbering the Property in the original principal amount of $45,600.00 ("*2000 Mortgage*"). Said *2000 Mortgage* was recorded at the Plymouth Registry at Book 18422, Page 135. See Mortgage (Line of Credit) attached hereto as **Exhibit 2**.

On September 9, 2002 the Myllmakis granted a Mortgage to Mortgage Advisors Inc. encumbering the Property in the original principal amount of $240,000.00 ("*2002 Mortgage*"). Said *2002 Mortgage* was recorded at the Plymouth Registry at Book 22824, Page 252. See Mortgage attached hereto as **Exhibit 3**. Said *2002 Mortgage* was later assigned to Washington Mutual Bank, F.A. by instrument dated September 9, 2002 and recorded at said Registry at Book 22824, Page 269. See Assignment attached hereto as **Exhibit 4**.

On or about March 27, 2006, Edward E. Myllmaki, Jr. executed a Note ("Note") in favor of Countrywide Home Loans, Inc. secured by a Mortgage granted by both Edward E. and Linda L. Myllmaki encumbering the Property ("*2006 Mortgage*"), said Mortgage was granted to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Countrywide Home Loans, Inc.  The Note and Mortgage were in the original principal amount of $312,000.00.  Said Note contains an indorsement in blank on its face a blank by Countrywide Home Loans, Inc.  The *2006 Mortgage* was recorded on March 31, 2006, with the Plymouth Registry in Book 32448, Page 36. See Note attached hereto as **Exhibit 5** and *2006 Mortgage* as **Exhibit 6**.  The *2006 Mortgage* was thereafter assigned to HSBC by instrument dated July 18, 2008 and recorded with said Registry in Book 36605, Page 303.  See Assignment attached hereto as **Exhibit 7**.

On April 28, 2006 the *2002 Mortgage* was discharged by instrument dated April 28, 2006 and recorded at the Plymouth Registry in Book 32634, Page 38.  See discharge attached hereto as **Exhibit 8**.

On May 1, 2006, the *2000 Mortgage* was discharged by instrument dated May 1, 2006 and recorded at the Plymouth Registry in Book 32680, Page 302.   See discharge attached hereto as **Exhibit 9**.

On September 12, 2011 the Myllmakis filed an original Joint Petition under Chapter 13 of the Bankruptcy Code, Case No. 11-18676.  See Docket for Case Number 11-18676 attached hereto as **Exhibit 10**.

On August 3, 2012, as part of their Bankruptcy case, Plaintiffs filed with the Bankruptcy Court a *2nd Amended Pre-Confirmation Chapter Plan*.  Said Plan indicated at the bottom of Page 1 under Section II B, Secured Claims: "*Creditor:  Bank of America - Description of Claim: mortgage on Rockland*" footnote 1 states "*Debtors in process of seeking loan modification with*

*assistance from Attorney General Office – once loan modification obtained debtors will pay mortgage per loan modification.*" See 2nd Amended Pre-Confirmation Chapter Plan attached hereto as **Exhibit 11.**

On May 29, 2013 Edward E. Myllmaki and Linda L. Myllmaki, together with Bank of America, N.A. (Successor by Merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP) filed with the United States Bankruptcy Court a Joint Motion for Authority to Enter into a Loan Modification Agreement. Attached to said Motion as Exhibit A thereto was a Loan Modification Agreement between Edward E. Myllmaki Jr. and Bank of America, N.A. (the "*2013 Loan Modification Agreement*"). Said Exhibit A contained a *notarized* signature purporting to be that of Edward E. Myllmaki, Jr. See Joint Motion for Authority to Enter into a Loan Modification Agreement together with Exhibit A thereto attached hereto as **Exhibit 12**.

On June 4, 2013 Plaintiffs filed with the Bankruptcy Court a *3rd Amended Pre-Confirmation Chapter 13 Plan*. Said Plan reflected a change from the *2nd Amended Pre-Confirmation Chapter 13 Plan,* stating, at the bottom of Page 1 under Section II B, Secured Claims: "Creditor: Bank of America - Description of Claim: mortgage on Rockland" footnote 1 now states "Debtors obtained a loan modification." See 3rd Amended Pre-Confirmation Chapter Plan attached hereto as **Exhibit 13**.

On June 24, 2013 the Honorable William C. Hillman of the United States Bankruptcy Court granted said Joint Motion for Authority to Enter into a Loan Modification Agreement. See Order attached hereto as **Exhibit 14**.[2]

---

[2] It does not appear from the records of the Plymouth Registry that the Bankruptcy Court's Order or the *2013 Loan Modification* Agreement were recorded.

On October 25, 2021, Plaintiffs were sent pursuant to G.L. c. 244, § 35A a notice of 90-day right to cure mortgage default. Said notice was sent to Plaintiffs at the Property via first-class and certified mail. See copy of notice attached hereto as **Exhibit 15**.

On February 14, 2022 HSBC filed with the Massachusetts Land Court a Complaint to Determine Military Status pursuant to the Servicemembers Civil Relief Act. On March 29, 2022 the Land Court issued judgment in said action establishing that the Myllmakis were not entitled to the benefits of the Servicemembers Civil Relief Act. See copy of Judgment attached hereto as **Exhibit 16**.

On July 7, 2022 HSBC recorded at the Plymouth Registry in Book 57003, Page 315 an affidavit in compliance with M.G.L. c. 244 Sections 35B and 35C. See Affidavit attached hereto as **Exhibit 17**.

On July 25, 2022, HSBC sent the Notice of Sale pursuant to M.G.L. c. 244 Section 14 to Plaintiffs via certified mail, return receipt requested. See Notice of Sale and appendant documents attached hereto as **Exhibit 18**.

On August 16, 2022 HSBC conducted an auction sale upon the Property, said Property being auctioned to a third party. See **Verified Complaint at Paragraphs 16 and 17**. On September 29, 2022. Plaintiffs commenced this action in the Plymouth Country Superior Court and thereafter, as a result of which, the third-party closing did not proceed to closing.

**ARGUMENT**

A.  Standard of Review under Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss, the complaint must state a claim plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

"Dismissal is appropriate if the complaint fails to set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Rice v. Santander Bank, N.A.*, 196 F. Supp. 3d 146, 152 (D. Mass. 2016) (quoting *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008); *see also Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005).

In reviewing a motion to dismiss, the courts may only consider "facts alleged in the pleadings, documents attached as exhibits to the complaint or incorporated by referenced in the complaint and matters of which judicial notice may be taken." *Wittkowski v. Norcliff*, No. 14-11107, 2016 U.S. Dist. LEXIS 204380, at * 3-4 (D. Mass. 2016). A narrow exception exists for "documents the authenticity of which are not disputed by the parties, for official public records, for documents central to plaintiffs' claims; or documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F. 2d 1, 3 (1st Cir. 1993). Documentation offered to contradict facts asserted in a complaint may be considered only if the documentation "is authenticated and so central to the complaint that the material renders the allegations of the complaint entirely implausible." *Lincoln v. City of Boston*, No. :21-cv-10039-IT, 2021 U.S. Dist. LEXIS 159560, at

*5 n.3 (D. Mass. 2021 Aug. 24, 2021); *see also Jorge v. Rumsfeld*, 404 F.3d 556, 559 (1st Cir. 2005); *Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co.,* 267 F.3d 30, 33-34 (1st Cir. 2001); *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1998).

    B.    <u>Plaintiff Fails to State a Claim for Relief Can Be Granted</u>

Plaintiffs' Verified Complaint, while purporting to be brought under M.G.L. c. 184, Section 15, contains only one cause of action, Court I, Violation of Mass. General Laws Ch. 244 – Foreclosure Statute.  While vaguely claiming allegations of wrongdoing, Plaintiffs' Verified Complaint in general, and in particular Count I thereof, contain no specific factual basis of actual failure to comply with the procedural aspects outlined in Massachusetts non-judicial foreclosure statute, M.G.L. c. 244.  There are none of the typical allegations of failure to provide notices outlined under sections 35A or 35B, no alleged *Ibanez* issues, no failure to comply with *Eaton* or *Pinti* mandates, no charges of insufficiency of the chain of assignments and no consumer protection claims under M.G.L. c. 93A.  Plaintiffs acknowledge obtaining a mortgage on the Property from Countrywide Home Loans, Inc. on March 27, 2006 **(Verified Complaint at Paragraph 5)** the proceeds of which, at least in part, presumably went to pay off the *2000 Mortgage* and *2002 Mortgage*.  Plaintiffs also acknowledge the assignment into HSBC **(Verified Complaint at Paragraph 6)**.[3]  Plaintiffs do not contest the validity or existence of the loan, the mortgage, the debt, the assignment or make any claims that they were not in default.  Rather, Plaintiffs rest their entire case on one simple factual allegation made *under oath* that Mr. Myllmaki "never signed" the *2013 Loan Modification Agreement* and neither did Ms. Myllmaki. **(Verified Complaint at Paragraphs 8,9, 12 and 13)**.  However, the sole basis of Plaintiffs' complaint is entirely undercut by the filings in their 2011 Chapter 13 Bankruptcy proceedings, in

---

[3] Plaintiffs attached a copy of the 2006 Mortgage and Assignment to their Verified Complaint as Exhibit A thereto.

particular the 2013 Joint Motion for Authority to Enter into a Loan Modification Agreement. There, Mr. Myllmaki, through counsel, filed with the Bankruptcy Court the *2013 Loan Modification Agreement* as an attachment to the Joint Motion, thereby representing that said agreement was genuine and that the document contained his actual and valid signature thereon. Clearly Mr. Myllmaki did so with the intent to represent to the Bankruptcy Court that it was his signature on the document, intending and causing the Court to rely upon same.  Given the representations made, implicitly or otherwise to the Bankruptcy Court, Mr. Myllmaki is estopped from denying his signature thereon.  As for Linda L. Myllmaki, she was not a signatory to the Note and therefore, not being a "borrower," her lack of signature on the *2013 Loan Modification Agreement* was unnecessary and is therefore irrelevant for the purpose of this action.  As such Plaintiffs have failed to state a claim and their complaint should be dismissed.

Even should the Plaintiffs make a successful argument that there was a question as to Mr. Myllmaki's signature, their subsequent actions demonstrate ratification of the *2013 Loan Modification Agreement* to the degree that they are again estopped from denying same. Specifically, as part of their Bankruptcy proceedings Plaintiffs, then Debtors, changed the wording on their Chapter 13 Plan from "*Debtors in process of seeking loan modification with assistance from Attorney General Office – once loan modification obtained debtors will pay mortgage per loan modification*" (see **Exhibit 11 footnote 1**) **to** "Debtors obtained a loan modification." (see **Exhibit 13 footnote 1**). The 2nd and 3rd Amended Chapter 13 Plans are signed by both Plaintiffs/Debtors "/s/ Edward E. Myllmaki, Jr." and "/s/ Linda Myllmaki" evidencing that Myllmakis knew of, intended to and did in fact enter into a modification agreement and represented same to the Bankruptcy Court judge.  Plaintiffs are estopped to deny same.  As a result, the Plaintiffs, even if they argue lack of valid signature on the *2013 Loan*

*Modification Agreement*, are bound by same. As such Plaintiffs have failed to state a claim and their complaint should be dismissed.

## CONCLUSION

For the above-stated reasons the Court should dismiss Plaintiffs' Verified Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

                                            Respectfully submitted,

                                            HSBC Bank USA, Association as Trustee
for the Holders of Ace Securities Corp.
Home Equity Loan Trust, Series 2006-CW1
Asset-Backed Pass-Through Certificates by
its Attorney

Dated: January 13, 2023                       */s/ Peter V. Guaetta*
                                            Peter V. Guaetta, Esq.
                                            BBO # 554786
                                            GUAETTA & BENSON, LLC
                                            P.O. Box 519
                                            Chelmsford, MA 01824
                                            Tel: (978) 250-0999
                                            Fax: (978)-250-0979
                                            peter_guaetta@guaettalaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and accurate copy the foregoing Motion to Dismiss this 13th day of January, 2023 upon the following parties of record:

**Counsel for Plaintiff**
Keith A. MacDonald, Esq.
Via ECF and email

                                            */s/ Peter V. Guaetta*
                                            Peter V. Guaetta, Esq. (BBO # 554786)